**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **LUCKENBACH TEXAS, INC.,** *Plaintiff* | § § | |
| **v.** | § § | **No. 1:19-CV-00567-DH** |
| **PAUL ENGEL,** *Defendant* | § § § | |

**ORDER**

Before the Court is Plaintiff Luckenbach, Texas, Inc.'s ("Luckenbach) Challenge to Defendant's (Paul Engel, d/b/a Luckenbach Lodge, "Engel") Privilege Log. Dkt. 89. Having considered the parties' filings and conducted an in camera review of the remaining disputed documents, the Court concludes that Luckenbach's motion should be granted in part and denied in part, as set out below.

## I. BACKGROUND

### A. Procedural Background

Luckenbach's suit alleges that Engel, who owns property neighboring Luckenbach's, infringed on its trademarks when he began operating a short-term leasing business on his property under the name "Luckenbach Lodge."[1] The present dispute focuses on documents Luckenbach seeks from Engel that Engel has withheld pursuant to attorney-client privilege and work-product protection. Dkt. 89. The documents at issue are primarily communications that Engel and former and current

[1] A more complete recitation of the facts underlying the case can be found in the Court's order on Luckenbach's motion for summary judgment. *See* Dkt. 51, at 1-3.

attorneys have had with an individual named Stewart Skloss and his attorneys. Skloss is a defendant in a separate federal lawsuit filed by Luckenbach, and he is represented by the same lawyers as Engel's present counsel—attorneys from the law firm Graves, Dougherty, Hearon & Moody. *Id.*; *see Luckenbach Texas, Inc. v. Skloss*, 1:21-cv-00871-RP. Skloss is also represented in that case and others by attorneys at several other firms. *See* Dkt. 100, at 2-3.

The parties previewed this issue for the Court in Luckenbach's previous motion to compel, Dkt. 74. There, Luckenbach complained about Engel's withholding of these same documents, but also challenged Engel's refusal to produce a privilege log listing the withheld documents. *Id.* In that motion, Luckenbach asked the Court to order Engel to produce a privilege log, or, in the alternative, to find that Engel forfeited attorney-client and work-product protection over materials that his attorneys shared with Skloss and his attorneys. *Id.* at 7-8. The Court ordered Engel to produce a privilege log, Dkt. 86, and Luckenbach's present motion followed shortly after its production.

**B. Timeline of Key Events**

The timeline from Engel's response sets out the key dates for the purposes of the present dispute:

2010: Engel purchases family land next to Luckenbach's property.

2014: Engel opens Luckenbach Lodge on that same land.

2016: Luckenbach sends cease and desist letters to Engel.

October 1, 2018: Stemma Holdings, LP applies to register trademark in 21 LUCKENBACH ROAD TEXAS HISTORY WHISKEY DISTILLERY.

June 3, 2019: Luckenbach sues Engel alleging infringement of trademark registrations 1,188,120, 2,799,766, 2,866,946 and 2,877,513. Engel originally represented by Pirkey Barber law firm.

Dec. 17, 2019: Luckenbach Road Whiskey Distillery LLC applies to register LUCKENBACH ROAD WHISKEY and LUCKENBACH ROAD WHISKEY DISTILLERY trademarks.

March 2020: Luckenbach sends Skloss a cease-and-desist letter. Thomas Carden of Conley Rose, P.C. responds.

September 15, 2021: Luckenbach sues Skloss, Stemma Holdings, LP, Luckenbach Road Whiskey Distillery, LLC, Luckenbach Whiskey, LLC, LRW Ventures, LLC, Frontier Spirits, LLC, and Pura Vida Spirits Co., LLC, alleging infringement of same four trademark registrations asserted against Engel. Nick Guinn of Gunn, Lee & Cave PC retained as defense counsel.

September 2021: Video conference calls including Skloss, Engel, Guinn, and James "Catfish" Chapman, Engel's attorney, where strategy and a joint defense agreement discussed.

September 29, 2021: *Luckenbach v. Skloss* removed to federal court.

December 23, 2021: Graves Dougherty retained to represent Engel in this lawsuit and to advise and assist in *Luckenbach v. Skloss*.

March 11, 2022: Skloss deposed in *Luckenbach v. Skloss*.

*See* Dkt. 101, at 2-3.

Three other significant dates:

October 12, 2022: The date the parties' briefing on this motion was complete.

October 20, 2022: The date set for the final pretrial conference in this case.

October 24, 2022: The date the jury trial in this case begins.

## II. LEGAL STANDARDS

### A. Attorney-Client Privilege

"For a communication to be protected under the privilege, the proponent 'must prove: (1) that he made a *confidential* communication; (2) to a lawyer or his

subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.'" *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)). The party asserting a privilege exemption from discovery must demonstrate its applicability. *See* Fed. R. Civ. P. 26(b)(5); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). The privilege claimant's burden extends to preliminary facts showing that the matter is eligible for protection. *Id.* at 710 n.7. "Ambiguities as to whether the elements of a privilege claim have been met are construed against the proponent." *Id.*

Additionally, a party asserting attorney-client privilege must prove that waiver by breach of confidentiality did not occur. *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985); *Perez v. Perry*, No. SA-11-CV-360-OLG-JES-XR, 2014 WL 3359324, at *1 (W.D. Tex. July 9, 2014). In particular, attorney-client privilege is waived if a confidential communication has been disclosed to a third party, unless the communication is made to further a common legal interest. *In re Santa Fe*, 272 F.3d at 711-12.

**B. Work-Product Doctrine**

The work-product doctrine applies to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). "The work product doctrine focuses only on materials assembled and brought into being in anticipation of litigation." *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

The doctrine does not place work product outside the scope of discovery, but instead "creates a form of qualified immunity from discovery" for materials prepared in anticipation of litigation. *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 514 n.2 (5th Cir. 1993). The party seeking discovery bears the burden to demonstrate waiver of work product. *In re Grand Jury Proceedings*, 43 F.3d 966, 970 (5th Cir. 1994) (citing *Hickman v. Taylor*, 329 U.S. 495, 512 (1947)). "What constitutes a waiver with respect to work-product materials depends, of course, upon the circumstances." *United States v. Nobles*, 422 U.S. 225, 239 n.14 (1975). In general, there are three distinct grounds on which a party may seek the production of work product: disclosure to a third party, placing the material "at issue," and "substantial need" under Fed. R. Civ. P. 26(b)(3). *See, e.g.*, *In re Itron, Inc.*, 883 F.3d 553, 558 (5th Cir. 2018). Only the first of these is relevant to the parties' dispute here.

Unlike the attorney-client privilege, "the mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege." *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989). Instead, disclosure only waives work-product protection if it is "given to adversaries or is 'treated in a manner that substantially increases the likelihood that an adversary will come into possession of the material.'" *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-CV-468, 2009 WL 4432569, at *3 (E.D. Tex. 2009) (quoting *Ferko v. NASCAR*, 219 F.R.D. 396, 400-01 (E.D. Tex. 2003)). Further unlike the attorney-client privilege, the burden of proving waiver of work-product protection falls on the party asserting waiver. *Ferko*, 218 F.R.D. at 136.

### C. Common Legal Interest

"The common interest privilege is not a separate privilege, but is a rule of non-waiver that extends the attorney-client privilege and the work product doctrine by creating an exception to the general rule that the privilege is waived upon disclosure of privileged information with a third party." *Acad. of Allergy & Asthma in Primary Care & United Biologics, LLC v. Allergy & Asthma Network/Mothers of Asthmatics, Inc.*, No. 5:14-CV-35-OLG, 2017 WL 11679903, at *6 (W.D. Tex. Mar. 16, 2017) (cleaned up). Because it is an extension of the attorney-client privilege and work-product doctrine, and not a standalone privilege in itself; if the withheld communication does not first satisfy the elements of one of those protections, then the common-legal-interest privilege will not apply.

The Fifth Circuit has recognized that the privilege applies to "two types of communications … : (1) communications between co-defendants in actual litigation and their counsel; and (2) communications between *potential* co-defendants and their counsel." *In re Santa Fe*, 272 F.3d at 710. Luckenbach contends here that the privilege extends no further than the two scenarios contemplated in *In re Santa Fe*, and because Engel and Skloss are not co-defendants, nor are they potential co-defendants, the communications between them and their counsel do not qualify for this extension of the attorney-client privilege and work-product doctrine. Luckenbach contends that the Fifth Circuit has declined to extend the common-legal-interest privilege beyond co-defendants or potential co-defendants, but the undersigned does not read Luckenbach's authority for this proposition as categorically as Luckenbach does.

In *In re Santa Fe*, the court observed that "there must be a palpable threat of litigation at the time of the communication, rather than a mere awareness that one's questionable conduct might some day result in litigation." 272 F.3d at 711. The court also quoted one of its earlier decisions applying the privilege, noting that "'[t]he [attorney-client] privilege is not … waived if a privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication.'" *Id.* (quoting *Hodges, Grant & Kaufmann*, 768 F.2d at 721). The court likewise quoted prior reasoning that "the [common-legal-interest] privilege extends to communications made among persons 'who consult an attorney together as a group with common interests seeking common representation.'" *Id.* (quoting *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992)). And the court referenced a district court decision in which the court applied the privilege where "the parties 'had a natural and common interest in consulting about the [case].'" *Id.* (quoting *In re LTV Sec. Litig.*, 89 F.R.D. 595, 604 (N.D. Tex. 1981)).

From these observations, the undersigned concludes that application of the common-legal-interest privilege turns not on whether the parties are potential or actual co-defendants, but, rather, whether they fit within the characteristics identified by the Fifth Circuit as a proper application of the rule. It is certainly true that co-defendants and potential co-defendants will often fit this rubric, but the Court cannot conclude that this is the only application that would meet with approval. Indeed, up until the point that Luckenbach sued Skloss and his entities, Skloss and Engel's relationship very much resembled that of potential co-defendants, given the

similarity of the facts at issue and the claims Luckenbach asserted. That Luckenbach did not, or procedurally could not, sue Skloss in the same case, should not be a bar to application of the common-legal-interest privilege, provided the requisite commonality is present. The policy underlying the extension of the privilege—encouraging collaboration and efficiency—is present whether the parties are sued in the same lawsuit or not.

Moreover, courts outside this circuit have applied the privilege more broadly. *See, e.g.*, *B.E. Meyers & Co., Inc. v. United States*, 41 Fed. Cl. 729, 733 (U.S. Ct. Claims 1998) ("[A] common interest has been found where two [allegedly] infringing parties who pooled information were sued in separate actions by the same plaintiff." (citing *Transmirra Products Corp. v. Monsanto Chemical Co.*, 26 F. R.D. 572, 579 (S.D.N.Y. 1960))); *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12-CV-2182, 2012 WL 1366252, at *7 (E.D. Cal. April 7, 2014) (applying privilege where communications "were made to advance a joint legal strategy concerning either separate litigation involving similar claims and issues or reasonably anticipated joint litigation"); *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 115 F.R.D. 308, 310 (N.D. Cal. 1987) (applying privilege where parties being targeted by patent-infringement claims would have common interest challenging patent's validity). The Restatement confirms this broader application. *See* Restatement of the Law (Third), the Law Governing Lawyers § 76 ("If two or more clients with a common interest in a litigated or nonlitigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that

otherwise qualifies as privileged … that relates to the matter is privileged as against third persons."); *id.* cmt. c ("Communications of several commonly interested clients remain confidential against the rest of the world, no matter how many clients are involved.").

Accordingly, because the Fifth Circuit has not, as Luckenbach contends, categorically excluded all but co-defendants or potential co-defendants from the common-legal-interest privilege, the Court concludes that the privilege *can* apply in other scenarios, provided the parties have a "a common legal interest with respect to the subject matter of the communication" and that the parties face "a palpable threat of litigation at the time of the communication." *In re Santa Fe*, 272 F.3d at 711. In a case like this one, where the parties are not co-defendants and are not necessarily potential co-defendants, careful attention should be paid to each communication to determine that the communication at issue is directly related to their common legal interest. As a general matter, though, the Court finds that the facts of this case lend themselves to application of the common-legal-interest privilege, and the Court does so within the context of each of the categories of challenged documents as set out below.

## III. DISCUSSION

Engel asserts the following protections, either individually or in combination, depending on the documents: attorney-client privilege (designated as "A/C" in the privilege log), work-product protection ("W/P"), and common-legal interest ("C/I"). Dkt. 89-5, 89-6. The parties primarily address the privilege assertions based on the

dates in which the communications occur. The Court adopts the same structure for its analysis here.

### A. Documents Exchanged Before September 15, 2021

*Communications between Engel and Skloss:* Almost all of the communications from this timeframe are ones in which the only parties to the communication are Engel and Skloss (a handful of which also cc James Cerks, a non-attorney employee of a Skloss-affiliated entity). *See* Dkt. 89-6, at 1-4. These include texts, emails, and attachments to emails. For each of these, the sole basis asserted for withholding them is "C/I," *i.e.*, common legal interest. As noted above, however, this privilege does not provide stand-alone protection; it is an extension of the attorney-client privilege and the work-product doctrine. Engel argues that these communications were made for the purpose of securing legal advice, *see* Dkt. 101, at 4, but Skloss is not a lawyer or a subordinate of a lawyer, so the communication does not fall within the definition of attorney-client privilege. Accordingly, the Court cannot conclude that, even if the common-legal-interest privilege could be extended to Engel and Skloss, that it would reach communications solely between the two of them. The Court therefore orders Engel to produce all documents withheld prior to September 15, 2021, that are withheld with the sole designation of C/I in the privilege log found at Dkt. 89-6.[2] Similarly, the Court notes that documents 937-942 from the privilege log are also solely between Engel and Skloss and thus are not privileged.

[2] Additionally, the following communications solely between Engel and Skloss (but from other date ranges in the privilege log) are likewise not privileged and must be produced: 943-47, 967, 969, 971.

*Communications between Engel and Skloss that include Skloss's attorneys from Conley Rose and Boyar Miller:* A handful of the communications withheld from this timeframe are emails and attachments sent between Skloss, Engel, and Skloss's counsel at Conley Rose and Boyar Miller. *See* Dkt. 89-6, at 1-2. Engel designates each of these under all three categories: A/C, W/P, and C/I. The privilege log generally describes these documents as emails regarding counter-claims, defenses to a lawsuit, and trademark prosecution. Before addressing Engel's assertion of the common-legal-interest privilege, the Court must first determine that the withheld documents qualify as attorney-client communications or work product in the first place. After reviewing these documents, the Court concludes that all of them qualify as attorney-client privileged communications and/or work product, and are properly withheld, *provided that* the common-legal-interest privilege applies.

As noted above, the Court concludes that the common-legal-interest privilege extends to the facts of this case generally. Luckenbach argues that it should not extend to these communications because there is no evidence or affidavits reflecting any joint-defense agreement (written or oral) prior to September 15, 2021. Dkt. 89, at 7. This is the date Luckenbach first sued Skloss, which both Skloss's attorneys and Skloss himself represents was the first time the prospect of pursuing a joint-defense agreement was raised with Engel and his attorneys. *Id.* (citing Dkt. 77, at 64; Dkt. 84-1, at 3; Dkt. 89-2, at 8). Luckenbach, however, cites no authority for its contention that a joint-defense agreement must be in place in order for the common-legal-interest privilege to apply. The existence of such an agreement may support

application of the common-legal-interest privilege, but it is not a requirement. Having reviewed the challenged documents, the Court finds that Skloss and Engel shared a common legal interest in the subject matter of the communications at the time they were made, and thus Engel has not waived the privilege and work-product protection for these documents.

**B. Documents Exchanged Between September 15, 2021, and December 22, 2021**

Luckenbach argues the common-legal-interest privilege does not apply generally, and thus does not protect these documents from disclosure. Dkt. 89, at 7. For the reasons stated above, the Court rejects that argument.

Luckenbach also argues that even if the privilege applies generally, it should not apply to materials that are solely related to either the Skloss litigation, Engel litigation, or trademark prosecutions. *Id.* at 7-8. Luckenbach, however, does not identify the particular entries from the privilege log that it contends fit this description. Luckenbach's authority for this argument observes that the privilege extends only to communications "those communications [that] '*further* a joint or common interest.'" *BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Est. Advisor, Inc.*, 614 F. App'x 690, 704 (5th Cir. 2015) (quoting (and adding emphasis to) *In re Santa Fe*, 272 F.3d at 711-12). After reviewing the privilege log and documents produced for in camera inspection, the Court concludes that all of the documents (other than those identified in *supra* note 2) falling within this date range qualify as either attorney-client-privileged communications or work product, were made in

furtherance of their common interest, and thus are within the scope of the common-legal-interest extension of those protections in this case.

**C. Documents Exchanged Between December 23, 2021, and March 11, 2022**

Luckenbach argues that these communications are not protected from disclosure because "there is no evidence that Skloss and Engel ever consented to a joint representation." Dkt. 89, at 8. As discussed above, such evidence is not required to establish the applicability of the common-legal-interest privilege. *Supra* Part II.C. The Court, therefore, finds that the common-legal-interest privilege does extend to the communications identified in this date range.

**D. Documents Exchanged After March 11, 2022**

The sole challenge Luckenbach raises to these communications is that some may be incorrectly marked as work product. Dkt. 89, at 8. Each of the entries in this range, though, also includes an attorney-client privilege designation. After reviewing the privilege log and documents produced in camera, the Court concludes the documents identified (except for those identified in *supra* note 2) were properly withheld under the common-legal-interest privilege's extension of the work-product doctrine, when applicable and/or the attorney-client privilege.

**E. Emails Involving Third Parties Beyond Engel and Skloss**

Lastly, Luckenbach argues that several emails included third parties beyond Engel, Skloss, and their attorneys, and thus any protection from disclosing these documents has been waived. Dkt. 89, at 8 (citing documents 178, 194, 314, 458, 459, 460, 461, 462, 463, 464, 574, 575, and 576). Engel responds that documents 178, 194,

314, 574, 575, and 576 are communications that include attorneys for Skloss, and are not "third parties," as Luckenbach portrays them. Dkt. 101, at 10 (citing Dkt. 100, at 2-4). The Court agrees and finds these documents were properly withheld.

Documents 458-464 represent an email and attachments sent by Skloss's counsel at Gunn, Lee & Cave transmitting complaints to the Texas Alcoholic Beverage Commission regarding violations of the Texas Alcoholic Beverage Code allegedly committed by Luckenbach and other entities. *See* Dkt. 89-6, at 22. Engel argues in the first instance that these communications are not responsive to Luckenbach's discovery request because they do not involve Engel or attorneys representing his interests. Dkt. 101, at 10. While this begs the question why the documents were included in the privilege log in the first place, after reviewing the documents, the Court agrees that they are not responsive and thus were properly withheld by Engel.

## IV. ORDER

The Court **GRANTS IN PART and DENIES IN PART** Luckenbach's motion, Dkt. 89. In particular, the Court **GRANTS** the motion to compel production all documents with dates prior to September 15, 2021, that are withheld with the sole designation of "C/I" in the privilege log found at Dkt. 89-6. The Court likewise **GRANTS** Luckenbach's motion to compel production of documents 937-47, 967, 969, and 971. The Court **ORDERS** Engel to produce these documents by 5:00 p.m. on Monday, October 17, 2022. The Court **DENIES** Luckenbach's motion in all other respects.

SIGNED October 14, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE